CALKINS et al. v. WESTERVELT.

(District Court, W. D. Michigan, S. D.   July 7, 1913.)

1. CANCELLATION OF INSTRUMENTS (§ 35*)—CONVEYANCE OF PARK—PARTIES.

In a suit by purchasers of lots in a platted tract, divided into lots, streets, and parks, who bought on the faith that no obstructions would be permitted in the parks, to set aside a subsequent conveyance of a parcel located in the parks, the present owners of the unsold part of the tract and the municipality within which the parks are located should be made parties, or the purchasers should request them to become parties because they cannot represent the public.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 55–64; Dec. Dig. § 35.*]

2. INJUNCTION (§ 114*)—CONVEYANCE OF PARK—RIGHT TO SUE.

A purchaser of lots in a tract platted into lots, streets, and parks must, to obtain injunctive relief to set aside a conveyance of a part of the parks, show some special injury to his property not suffered by property owners generally, and a purchaser of a lot located at a considerable distance from a park has no appurtenant rights in and to the park, except such as are given to all property owners in that vicinity, several of whom have erected buildings between him and the park.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

3. DEDICATION (§ 47*)—PARKS—RIGHTS ACQUIRED—ACTIONS—PARTIES.

A purchaser of lots adjacent to a park in a tract platted and divided by the vendor into lots, streets, and parks has rights in the park and in its preservation for park purposes, but he has no such rights in a park subsequently established, and where a subsequent purchaser of parcels in the existing and new parks has no intention of building or otherwise disturbing the land in the old park, but only intends to build in the new one, the first purchaser is not entitled to equitable relief.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 113; Dec Dig. § 47.*]

4. DEDICATION (§ 47*)—RIGHTS ACQUIRED—ACTIONS—PARTIES.

Where the owner of a tract platted into lots, streets, and parks, and purchasers of lots, constructed and maintained for several years a stairway from a street across a park to the shore of a lake until the grantee of the unsold property constructed on other land a stairway, a purchaser could not enforce in equity, as against a third person claiming to own the land on which the new stairway was constructed, any right in the new stairway, and, if the removal of the stairway caused injury either to the owner of the unsold tract or to the public generally, the injury must be prevented at the suit of the proper parties and not at the instance of the purchaser alone.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 113; Dec. Dig. § 47.*]

In Equity.  Suit by William E. Calkins and another against Edmund C. Westervelt.  Bill dismissed, with costs.

Diekema & Kollen, of Holland, Mich., for plaintiffs.

Bundy, Travis & Merrick, of Grand Rapids, Mich., and Stuart MacKibbin, of South Bend, Ind., for defendant.

SESSIONS, District Judge.  In 1881, the Macatawa Park Association was incorporated under a statute of the state of Michigan au-

thorizing "the incorporation of associations for yachting, hunting, boating, fishing, rowing and other lawful sporting purposes." Neither the statute under which it was organized nor its articles of association authorized this corporation to plat or deal in real estate. Nevertheless, in June, 1888, the officers of the association executed and caused to be filed and recorded in the proper offices a plat of a tract of land owned by it and situated upon the shore of Lake Michigan in the counties of Ottawa and Allegan in this state. The plat was entitled "Plat of Macatawa Park," and containing upwards of 375 lots, and also streets, roads, trails, and certain parks, among which was "Reserve Park," of irregular shape and located along the southwesterly border of the plat.

In August, 1888, the Macatawa Park Association sold and conveyed to complainant Calkins lot 252 and a part of lot 253 of the plat of Macatawa Park, upon which he built a summer cottage. These lots are situated upon a bluff overlooking Lake Michigan and front upon "Waukazoo Trail" and "Reserve Park."

Other lots were sold to other persons, and each purchaser received a copy of the plat showing the location of Reserve Park. The selling agent of the Macatawa Park Association also stated and represented that no buildings or other obstructions to the view of Lake Michigan would be placed upon the park. Complainant Calkins relied upon these representations and was partly induced thereby to purchase the lots.

In July, 1889, the Macatawa Park Association sold and conveyed to James M. Karr lot 251 of the plat of Macatawa Park. Complainant Calkins afterwards obtained title to the south half of this lot which fronts upon Waukazoo Trail but, according to the plat, does not front directly upon Reserve Park.

In June, 1890, the Macatawa Park Association conveyed to a successor corporation, the Macatawa Park Company, the entire plat of Macatawa Park except the lots which had been sold. In October, 1890, the Macatawa Park Company platted "Lakeside Addition to Macatawa Park," containing about 140 lots, and also streets and certain parks, including "Overlook Park," which adjoins Reserve Park. Overlook Park and Reserve Park are situated almost wholly upon the slope or side of the bluff. That portion of these parks lying in front of the lots of complainant Calkins consists, for the most part, of shifting sand.

In October, 1897, the Macatawa Park Company sold and conveyed to complainant Miller lots 283 and 284 of the plat of Macatawa Park. These lots front upon Waukazoo Trail and are located about 40 rods up the trail from Reserve and Overlook Parks. Between them and the parks, several houses have been built. No part of the parks can be seen from the Miller cottage.

In 1901 the Macatawa Park Company executed and delivered to defendant a conveyance of an irregular shaped parcel of land from 50 to 78 feet wide and from 125 to 145 feet long, extending from a board walk on the beach of Lake Michigan up the side of the bluff and across Overlook and Reserve Parks to Waukazoo Trail in front of lot 253 belonging to complainant Calkins. This is the land in controversy in

this suit. Defendant's deed was not recorded until 1906. Some time prior to 1890 the Macatawa Park Association, complainant Calkins, and other purchasers of lots constructed a stairway leading down the hillside from Waukazoo Trail across Reserve Park to the shore of Lake Michigan. This stairway was maintained and kept in repair by the lot owners until about the year 1909, when the Macatawa Resort Company, which had been incorporated and had acquired all of the unsold property formerly belonging to the Macatawa Park Company, constructed a new stairway upon the land which defendant claims to own. The old stairway was north of the land claimed by defendant and nearer to the cottage of complainant Calkins. On July 13, 1909, the defendant served written notice upon the Macatawa Resort Company that he was the owner of the land upon which the new stairway was located and demanding its removal within ten days.

About one-third of the parcel of land claimed by defendant is located in Reserve Park and about two-thirds thereof in Overlook Park. That portion of the land which is in Reserve Park is upon a side hill and is not suitable for building purposes. Defendant disclaims any intention of building a cottage thereon. He does intend, however, to build upon the lower part of the land in Overlook Park. A cottage so located will not be visible from the property of complainant Miller, nor will it in any wise obstruct the view from the property of complainant Calkins.

Complainants seek a decree setting aside the conveyance from the Macatawa Park Company to the defendant, and also restraining and enjoining the defendant from interfering with or removing the present stairway and from constructing any buildings upon or exercising any acts of ownership over the land in controversy.

At the hearing and in their briefs, counsel have discussed at length several questions relating to: (1) The powers of the Macatawa Park Association and the Macatawa Park Company, under their respective charters and articles of incorporation, to plat and deal in lands for profit; (2) the regularity and validity of their acts in executing and recording the plats of Macatawa Park and Lakeside Addition; (3) the sufficiency of the dedications of the parks to the use of the public; (4) the acceptance of the parks so dedicated; and (5) the right of complainants to join in the present bill. If all of the questions were decided in favor of complainants, there would still exist, upon the present record, insuperable obstacles to their recovery.

[1] If the deed from the Macatawa Park Company to defendant be set aside, the title to the parcel of land in controversy will thereby be revested either in the municipality within whose territory it is located or in the present owner of the unsold portions of Macatawa Park, the Macatawa Resort Company. But neither the municipality nor the resort company is a party to this suit. There is no proof of any request to either of them to become a party to this litigation. Complainants do not pretend to represent either the public or the alleged owner of the land, and have no such personal interest therein as will entitle them to relief in their own behalf.

214 F.—27

[2] To warrant injunctive relief, complainants must establish special rights in themselves not belonging to the general public, or they must show some special injury to their property not suffered by property owners generally. The lots belonging to complainant Miller are located at a considerable distance from Reserve and Overlook Parks. There are several buildings between them and the parks. Therefore he has no appurtenant rights in and to the parks and no rights of any kind except such as are common to all property owners in that vicinity.

[3] Lots 252 and 253, belonging to complainant Calkins, are adjacent to and front upon Reserve Park, and therefore it may be fairly assumed that he has corresponding rights in that park and in its preservation for park purposes. He has, however, no such rights in Overlook Park, because it was not in existence at the time he purchased his lots and built his cottage. The lesser part of the land claimed by defendant is situated in Reserve Park and, being the steep side or slope of a sand bluff, is unsuitable for building purposes. Defendant disavows any intention of building upon or otherwise disturbing that part of the land, and there is nothing in the record to indicate that he has ever had any such intention. Whatever rights the Macatawa Resort Company, the public, or others may have in Overlook Park, it is certain that complainant Calkins has none.

[4] No part of the old stairway, built and maintained by complainants and others, was upon the land in controversy, and therefore the rights of complainants in that stairway are not here involved. The construction, maintenance, and use of the new stairway, if permitted, will not be the use of the land upon which it is located for park purposes, but rather will constitute a street or passageway easement. Complainant Calkins has no right to such use either as an appurtenance to his own lots or by virtue of any grant to himself. If the removal of this stairway will cause injury either to the resort company or to the public generally, such injury must be redressed or prevented, if at all, at the suit of the proper parties and not at the instance of complainants alone.

A decree will be entered dismissing complainants' bill, with costs to the defendant to be taxed.